UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:09-cr-0466-KJD-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| MANUEL GUDINO-SIERRA, | |
| Defendant. | |

Before the Court is Manuel Gudino-Sierra's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. The Court has not ordered a response, and the government has not provided one. After performing an initial review of Gudino-Sierra's motion, the Court determines that a response is not necessary because Gudino-Sierra has failed to state a cognizable claim under § 2255. Accordingly, the Court will not order the government to respond and denies Gudino-Sierra's motion.

**I.      Background**

On May 13, 2011, Gudino-Sierra pleaded guilty to one count of conspiracy to distribute methamphetamine, a felony under 28 U.S.C. §§ 846, 841 (a)(1), (b)(1)(A)(viii). Judgment 1, ECF No. 148. The Court accepted the guilty plea and later sentenced Gudino-Sierra to 151 months with credit for time served. Id. at 2. At sentencing, the Court applied a two-level enhancement under the section 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG"). Section 2D1.1(b)(1) allows the enhancement where a defendant possessed a "dangerous weapon (including a firearm)" in the commission of a drug offense. USSG § 2D1.1(b)(1). The enhancement increased Gudino-Sierra's guideline sentencing range and resulted in a longer sentence. The parties later stipulated to reduce Gudino-Sierra's sentence to 121 months after an amendment to the sentencing guidelines reduced his guideline range. See

generally Stip. to Reduce Sent., ECF No. 255.

Gudino-Sierra appealed his conviction in 2012, and the Ninth Circuit affirmed. Order Affirming Conviction, ECF No. 225. The basis of the appeal was that Gudino-Sierra received ineffective assistance of counsel prior to his conviction and sentencing. Claims for ineffective assistance of counsel, however, are not appropriate on direct appeal. Id. at 2 citing United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003).

Gudino-Sierra then filed this motion to set aside his conviction under 28 U.S.C. § 2255. Ironically, this motion does not argue ineffective assistance of counsel. Rather, Gudino-Sierra challenges the constitutional sufficiency of USSG § 2D1.1(b)(1). Gudino-Sierra asks the Court hold USSG § 2D1.1(b)(1) unconstitutional under Johnson v. United States, which found the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. 135 S.Ct. 2551 (2015). In support, Gudino-Sierra attached a memorandum of law to his motion to vacate. The Court has reviewed both the motion to vacate and the memorandum of law in support.

**II.     Legal Standard**

28 U.S.C. § 2255 allows a defendant in federal custody to challenge a conviction that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

Because a § 2255 petitioner has already pursued a direct appeal, the Court need not order an evidentiary hearing for every motion to vacate. The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982). However, if the petition

1   is based upon conduct that happened outside the courtroom or off the record, the Court must hold
2   an evidentiary hearing. <u>Burrows</u>, 872 F.2d at 917.

3   **III.    <u>Analysis</u>**

4   The Court's analysis will proceed in two stages. First, the Court must determine whether
5   Gudino-Sierra has stated plausible a claim for relief. If he has, the Court will order the
6   government to respond. The Court may also order an evidentiary hearing to determine whether
7   Gudino-Sierra indeed suffered a constitutional deprivation that warrants vacating his original
8   sentence. If Gudino-Sierra has not stated a plausible claim under § 2255, the Court will dismiss
9   his petition and move to the second stage of the analysis: whether to grant a certificate of
10  appealability.

11  As an initial matter, the Court finds that the record in this case is sufficiently developed
12  to decide Gudino-Sierra's motion without holding an evidentiary hearing. The Supreme Court
13  has already encountered, and rejected, his arguments. See <u>Beckles v. United States</u>, 137 S.Ct.
14  886 (2017). As a result, the Court will decide Gudino-Sierra's motion without ordering a
15  government response or holding an evidentiary hearing. <u>Burrows</u>, 872 F.2d at 917.

16  **A.   <u>Sentencing Guidelines Are Not Subject to Void-For-Vagueness Challenges</u>**

17  Gudino-Sierra asks the Court to extend the Supreme Court's reasoning in <u>Johnson</u> to
18  invalidate USSG § 2D1.1(b)(1), which imposed a two-level enhancement to his sentence. In
19  2015, the Supreme Court evaluated the residual clause of the Armed Career Criminal Act
20  ("ACCA"). The residual clause attempts to define what constitutes a "violent felony" for
21  purposes of a sentencing a defendant under the ACCA. The ACCA included four enumerated
22  crimes: burglary, arson, extortion, or crimes involving the use of explosives. But the residual
23  clause included any other crime that "otherwise involves conduct that presents a serious potential
24  risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The ambiguity of the residual
25  clause created "more unpredictability and arbitrariness than the Due Process Clause tolerates."
26  <u>Johnson</u>, 135 S.Ct. at 2557–58. As a result, the Supreme Court found that the residual clause was
27  unconstitutionally vague and held that any sentence imposed under that clause was invalid. <u>Id.</u>
28  Gudino-Sierra argues that USSG § 2D1.1(b)(1) is unconstitutionally vague for the same

1  reasons as the ACCA's residual clause. Contrary to Gudino-Sierra's belief, however, Johnson
2  does not apply to the United States Sentencing Guidelines. Two years after Johnson, the
3  Supreme Court issued Beckles v. United States. 137 S.Ct. 886 (2017). In Beckles, the Court
4  evaluated the career-offender provisions of the United States Sentencing Guidelines in light of
5  Johnson. Rather than invalidate the advisory guidelines, the Court found that the guidelines were
6  not subject to void-for-vagueness challenges because they are merely advisory. Beckles, 137
7  S.Ct. at 892. Further, the sentencing guidelines do not set the defendant's sentence like the
8  ACCA does. They serve only to guide the Court's discretion to fashion an appropriate sentence.
9  Id. As a result, Johnson does not apply, and USSG § 2D1.1(b)(1) is not void for vagueness.

10     Because Johnson does not apply here, Gudino-Sierra's petition is untimely. 28 U.S.C.
11 § 2255(f) imposes a one-year statute of limitations on collateral attacks. The time period runs
12 from the later of (1) the date the judgment became final; or (2) the date the Supreme Court
13 recognized a new right to relief and determined that relief applied retroactively. 28 U.S.C.
14 § 2255(f). Without Johnson, Gudino-Sierra must have filed his motion within one year of his
15 judgment of conviction becoming final. This Court entered judgment against Gudino-Sierra on
16 October 3, 2011. Judgment of Conviction, ECF No. 148. The Ninth Circuit affirmed the
17 conviction on June 24, 2013. Order Affirming Conviction, ECF No. 225. At the latest, the
18 deadline for Gudino-Sierra to file a § 2255 petition was June 24, 2014. He did not file this
19 motion until May 2, 2016, well after the one-year limitations period expired. Accordingly, this
20 petition is time-barred.

21     **B.  *Certificate of Appealability***

22  Finally, the Court must determine whether to grant Gudino-Sierra a certificate of
23 appealability. A certificate of appealability enables a § 2255 petitioner to pursue a direct appeal
24 of the district court's denial of his petition. It is only available where the petitioner has "made a
25 substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2);
26 Welch, 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a
27 constitutional deprivation if reasonable judges could disagree whether he has suffered such a
28 deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000). That is not the case here. The

Supreme Court is clear that the United States Sentencing Guidelines are not subject to collateral attacks for vagueness. See <u>Beckles</u>, 137 S.Ct. at 892. And more, because Gudino-Sierra cannot invoke <u>Johnson</u> to challenge the sentencing guidelines, his petition is untimely. Therefore, Gudino-Sierra has not made the substantial showing necessary to warrant a certificate of appealability.

### IV.   <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Gudino-Sierra's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **DENIED**;

IT IS FURTHER ORDERED that the Court **DENIES** Gudino-Sierra a certificate of appealability.

Dated this 15th day of July, 2019.

_____
Kent J. Dawson
United States District Judge